UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMY GRACE CLARK, et al., <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | Civil Action No. 1:25-cv-02050-RCL |

## PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

## AND PRELIMINARY INJUNCTION

RECEIVED

JUL 21 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Pursuant to Fed. R. Civ. P. 65 and Local Civ. Rule 65.1, Plaintiffs respectfully move for

1. a temporary restraining order, and
2. a preliminary injunction, compelling Defendants to
    a. convene a Section 504 safety-planning meeting within seven (7) days,
    b. implement the interim safety measures identified in ¶ 3 of the proposed order infra, and
    c. comply with all grievance-response timelines while this action is pending.
3. Good cause exists because Defendants have ignored *sixty-eight* (68) written safety grievances, missed *89.6 percent* of mandated deadlines, and—despite Plaintiffs' 18 June 2025 written request—have **refused for over thirty (30) days** to schedule the legally required Section 504 meeting.
4. The minor Plaintiffs therefore face imminent risk of bodily and psychological harm when the 2025-26 school year begins in August.
5. A memorandum of points and authorities, a proposed order, and the certifications required by Fed. R. Civ. P. 65(b)(1)(B) and LCvR 7(m) accompany this motion.

Respectfully submitted,

*/s/ Emmy Grace Clark*

Emmy Grace Clark (pro se, next friend)

4317 River Rd NW, Apt 3, Washington, D.C. 20016

771-233-2293

emmygraceclark@gmail.com

Date: 21 July 2025

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EMMY GRACE CLARK, et al.,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 1:25-cv-02050-RCL |
| **DISTRICT OF COLUMBIA, et al.,** | |
| **Defendants.** | |

## MEMORANDUM OF POINTS & AUTHORITIES

*INTRODUCTION*

1. Plaintiffs seek narrowly tailored emergency relief to **force the District to do what federal law already requires**: convene a § 504 meeting, implement basic safety accommodations, and respond to long-stalled grievances. Without Court intervention the children will return to an unsafe campus in August with no plan in place.

*FACTUAL BACKGROUND*

2. 18 June 2025 – Parent requested § 504 safety-planning meeting (4AC ¶¶ 1, 6).

3. 30+ days later – DCPS still "*not ready to discuss*" (email Ex. A to 4AC).

RECEIVED

JUL 21 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

4. 68 written grievances; 240 of 268 deadlines missed (4AC ¶ 4).

5. Unrepaired slip hazard, unfenced garden, open-door visitor policy, and harassment incidents remain unresolved (Counts I, II, V).

6. School year 2025-26 begins mid-August; both children remain enrolled (4AC ¶ 6).

*LEGAL STANDARD*

7. A TRO/PI issues when the movant shows
    a. likelihood of success on the merits,
    b. irreparable harm absent relief,
    c. the balance of equities favors the movant, and
    d. an injunction serves the public interest. *Winter v. NRDC*, 555 U.S. 7, 20 (2008); LCvR 65.1.

*ARGUMENT*

8. <u>Likelihood of Success</u>
    a. **§ 504 / ADA II (Failure to Accommodate)**
        i. Defendants received written notice of E.K.S.C.'s disabilities and approved a Support & Success Plan on 23 May 2025 but have failed to implement it or convene the follow-up meeting—classic deliberate indifference. *See D.C. v. Doe*, 611 F.3d 888, 896–97 (D.C. Cir. 2010).
    b. **First & Fourteenth Amendments (Procedural Due Process)**
        i. Students possess a liberty interest in bodily integrity while in state custody. Repeated, documented hazards plus missed grievance deadlines satisfy the *Monell* deliberate-indifference standard (*Canton*).

    c. **No IDEA exhaustion barrier**

        i. Under *Perez v. Sturgis*, 143 S. Ct. 859 (2023), plaintiffs may seek non-IDEA relief—here, safety and retaliation—without administrative exhaustion.

9. Irreparable Harm

    a. Physical injury and constitutional violations are irreparable per se. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (First Amendment); *Safford* (Fourth Amendment strip-search). DCPS's refusal to plan for known hazards subjects an 11-year-old with panic disorder to imminent risk of bodily harm and suicidal ideation (4AC Counts I, II, IX).

10. Balance of Equities & Public Interest

    a. Implementing basic safety measures and scheduling one meeting imposes **minimal administrative burden** on a multibillion-dollar school system, whereas denial risks injury to children. Courts routinely hold that enforcing federal civil-rights statutes serves the public interest. *League of Women Voters* v. Newby, 838 F.3d 1, 12 (D.C. Cir. 2016).

11. Bond

    a. Plaintiffs are indigent pro se litigants seeking to vindicate statutory rights; the Court should waive the Rule 65(c) security requirement or set a **nominal bond of $10**. *Dorfmann v. Boozer*, 414 F.2d 1168, 1173 (D.C. Cir. 1969).

*CONCLUSION*

12. All four *Winter* factors favor immediate relief. The Court should grant the TRO, set a prompt PI hearing under LCvR 65.1(d), and retain jurisdiction to modify the order as necessary.

## RULE 65(b)(1)(B) & LCvR 7(m) CERTIFICATIONS

**Certification Under Fed. R. Civ. P. 65(b)(1)(B).**

1. Counsel for the District (Assistant Attorneys General Mateya Kelley and Gregory Ketcham-Colwill) received written notice of the relief requested herein by e-mails dated 16 and 17 July 2025 (4AC Ex. A) and by telephone on 15 July 2025.

2. The District stated it *"cannot move that fast on all or any of the concerns"* and **opposes** the requested relief.

**Certification Under LCvR 7(m).**

3. Plaintiffs further certify that they conferred in good faith with opposing counsel on 15 July 2025 and via the e-mail chain attached as Exhibit A but were unable to narrow or resolve the issues addressed in this motion.

## CERTIFICATE OF SERVICE

I certify that on 21 July 2025 I filed the foregoing Motion, Memorandum, and Proposed Order via the Court, and have served all counsel of record by email.

*/s/ Emmy Grace Clark*

Accordingly, it is hereby **ORDERED** that:

1. Defendants shall **convene a Section 504 safety-planning meeting** for minor Plaintiff E.K.S.C. on or before _____, **2025** and shall invite the parent, a 504 coordinator, a school psychologist, and any necessary medical professionals.

2. Pending that meeting, Defendants shall implement the following **interim measures**:

    a. Post a staff member at the rear-entrance drinking fountain to keep the floor dry or close the fountain if leaks persist;

    b. Lock the garden shed, fence off the garden area, and prohibit student access without adult supervision;

    c. Issue an elevator key to E.K.S.C. or assign a dedicated adult escort between classes; and

    d. Provide a quiet-room option upon the student's first request during noise spikes.

3. Defendants shall **respond in writing to all outstanding CARE grievances** listed in Plaintiffs' email of 16 July 2025 (4AC Ex. A) within **fifteen (15) days** of this Order.

4. **Bond.**

    a. In light of Plaintiffs' limited means and the public-interest nature of this action, the Court waives the security requirement of Fed. R. Civ. P. 65(c) or, in the alternative, sets bond at **$10**.

5. Defendants shall **show cause in writing by** _____, **2025** why a preliminary injunction should not issue extending this relief during the pendency of the case.

6. Plaintiffs may reply by _____, 2025.

7. A hearing is set for _____ at _____ a.m./p.m. in Courtroom _____.

SO ORDERED this ___ day of _____, 2025.

_____

ROYCE C. LAMBERTH

United States District Judge

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMY GRACE CLARK, et al.,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>　　　Defendants. | Civil Action No. 1:25-cv-02050-RCL |

## [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Upon consideration of Plaintiffs' Emergency Motion for Temporary Restraining Order, the memorandum of law, and the entire record, the Court finds that Plaintiffs have shown:

1. a likelihood of success on the merits;
2. irreparable harm absent relief;
3. that the balance of equities tips in their favor; and
4. that the requested relief serves the public interest. See *Winter v. NRDC*, 555 U.S. 7 (2008).